```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
              DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
              Plaintiff,       §
                               § Criminal No. 3:09-CR-249-D(09)
VS.                            §
                               §
WILLIAM MICHAEL WATTS,         §
                               §
              Defendant.       §
```

## MEMORANDUM OPINION AND ORDER

In this memorandum opinion and order, the court addresses several filings of *pro se* defendant William Michael Watts ("Watts") that the court has not yet decided. The court is not at this time addressing other filings.[1]

I

As an initial matter, the court notes that, as a *pro se* defendant, Watts is not excused from complying with the national and local rules of procedure. *See United States v. Fields*, 483 F.3d 313, 359 (5th Cir. 2007) ("A defendant proceeding *pro se* is expected to follow ordinary procedural rules." (citing *Faretta v.*

---

[1] For example, the court is not addressing in this memorandum opinion and order Watts's June 23, 2010 notice of due process violations [395]. Nor is the court addressing some filings that Watts has made for the record in this case but that do not request relief from the court, e.g., a notice of "COMPLAINTS TO STATE BAR," filed June 10, 2010 [385], or requests made for the record in this case but directed to others, e.g., letter to the Clerk of Court filed June 23, 2010 [389]. Finally, the court is not addressing discovery-type motions, e.g., August 30, 2010 motion for production of evidence [582], which will be addressed contemporaneously with discovery-type motions of codefendants.

*California*, 422 U.S. 806, 834 n.46 (1975))); *United States v. Frasier*, 54 Fed. Appx. 414, at *1 (5th Cir. 2002) (per curiam) ("Even *pro se* defendants must comply with the relevant rules of procedural and substantive law." (citing *Faretta*, 422 U.S. at 834 n.46)); *see also* N.D. Tex. Crim. R. 57.14 ("Any party proceeding on the party's own behalf is considered pro se. Pro se parties must read and follow the local criminal rules of this court and the Federal Rules of Criminal Procedure.").[2] Watts has made a number of requests by letter. Fed. R. Crim. P. 47(a) provides that "[a] party applying to the court for an order must do so by motion." And under this court's local criminal rules, certain motions must be accompanied by a brief. *See* N.D. Tex. Crim. R. 47.1(h).[3] A brief must comply with various requirements. *See* Rule 47.2(a)-(d). A number of Watts's filings that the court addresses today do not comply with the national and local criminal rules. Although the court will address them, it advises Watts that future filings must comply with the national and local rules. Those that do not materially comply may be stricken, disregarded, or denied based on such noncompliance.

---

[2]The court advised Watts of this during the hearing in which he waived the right to counsel, and Watts acknowledged that he understood.

[3]Watts is not required to type his pleadings, provided they are printed legibly. Rule 47.2(a) provides that "[a] brief must be printed, typewritten, or presented in some other legible form." Although Watts has made numerous substantively deficient filings, he has not made illegible filings.

II

Watts was represented by counsel until June 18, 2010, when the court granted his motion to proceed *pro se*. Watts's filings before June 18, 2010 are properly disregarded because "[a] criminal defendant does not have the right to 'hybrid representation.'" *United States v. Watts*, No. 3:09-CR-249-D, at 1 (N.D. Tex. May 12, 2010) (order) (Fitzwater, C.J.) (quoting *United States v. Lopez*, 313 Fed. Appx. 730, 731 (5th Cir. 2009) (per curiam)). The court therefore strikes the following filings:

May 18, 2010 affidavit of criminal conspiracy [350][4];

May 18, 2010 affidavit of ultra vires conspiracy [351];

May 20, 2010 affidavit [358];

May 20, 2010 affidavit [359];

May 20, 2010 letter to court [360];

May 25, 2010 letter to court [366];

June 1, 2010 notice of commercial tort claim [373];

June 7, 2010 notice of affirmative defense of payment [379];

June 7, 2010 notice of affirmative defense of accord and satisfaction [380];

June 7, 2010 notice of affirmative defense of fraud [381];

June 8, 2010 notice of affirmative defense of mistake, duress,

---

[4]Each number shown within brackets refers to the corresponding document number shown on the court docket. Given Watts's numerous filings, the court is including the document number to facilitate ease of reference and to assist in determining whether a filing has been addressed.

- 3 -

and ineffective assistance [384];

June 9, 2010 notice of affirmative defense of set-off [383];

and

June 10, 2010 notice of agreed case [386].

III

To the extent that the following filings request relief from the court, they are denied as meritless, frivolous,[5] and/or legally irrelevant to this criminal prosecution:

June 24, 2010 affidavit of commercial crimes [398];

June 28, 2010 affidavit of truth [408];

June 30, 2010 notice of intentions [416];

June 30, 2010 affidavit of truth - money [417];

July 6, 2010 pleading of lack of standing [426];

July 7, 2010 pleading of no subject matter jurisdiction [434];

July 7, 2010 notice of defendant's intention to defend UCC [435];

July 8, 2010 motion to strike indictment [436];[6]

July 8, 2010 pleading of no in personam jurisdiction [438];

July 9, 2010 pleading of lack of standing [441];

---

[5]Several of Watts's *pro se* filings are based on his so-called status as a member of a sovereign and independent nation, or they assert claims or defenses under the Uniform Commercial Code or other civil or commercial laws. These types of filings not only lack legal support in the context of this case, but they have been characterized by courts as frivolous.

[6]Construing this filing as a motion to dismiss, the motion is denied.

July 14, 2010 affidavit of bias and prejudice [450];

July 14, 2010 affidavit in support of reply to government's response to pleadings [453];

July 14, 2010 reply to government's response to pleadings [454];

July 14, 2010 notice of dishonor [455];

July 14, 2010 notice of dishonor [456];

July 14, 2010 notice of dishonor [457];

July 14, 2010 request for receipt of tender [458];

July 16, 2010 demand for proof of claims [461];

July 19, 2010 pleading of agreed case [465];

July 23, 2010 petition for writ of mandamus [485];

July 23, 2010 pleading of malicious prosecution [485];

July 23, 2010 letters rogatory [486];

July 27, 2010 statement of uncontroverted facts [491];

July 28, 2010 notice of dishonor [493];

July 28, 2010 notice of dishonor [494];

July 29, 2010 notice of dishonor [506];

July 30, 2010 notice to court [507];

July 30, 2010 statement of agreed facts [509];

August 18, 2010 letter rogatory [558];

August 18, 2010 judicial notice of unopposed motion to vacate judgment or proceeding [560];

August 18, 2010 pleading of government misconduct [561];

August 25, 2010 motion to dismiss indictment and letter rogatory [574];

August 30, 2010 judicial notice of effect of not responding [585]; and

September 2, 2010 affidavit [591].

IV

The following filings rely, wholly or partially, on federal civil statutes, Federal Rules of Civil Procedure, or on procedures that are available in civil but not criminal cases. For example, "[t]here is no such thing as a motion for summary judgment in a criminal case." *Russell v. United States*, 369 U.S. 749, 791 (1962). Accordingly, any relief requested in the following filings is denied:

June 30, 2010 letter seeking remedy under 28 U.S.C. § 2464, in accordance with Fed. R. Civ. P. 65(c) [411];

July 19, 2010 motion for declaratory judgment [464];

July 21, 2010 motion for declaratory judgment [475];

July 21, 2010 motion for mandatory settlement conference [476];

July 23, 2010 motion for summary judgment [485]

July 28, 2010 motion for dismissal [495];

July 28, 2010 motion for summary judgment [497];

August 2, 2010 motion for a more definite order [513];[7]

August 2, 2010 motion for summary judgment on the pleadings [514];

August 4, 2010 motion to dismiss under 12(b)(1) [521];

August 5, 2010 interrogatory to grand jury foreman [525];

August 5, 2010 interrogatory for personnel of Bureau of Prisons [527];

August 6, 2010 interrogatory to the Secretary of the Treasury [530];

August 10, 2010 interrogatory Special Agent Allyn Lynd [536];

August 20, 2010 motion for sanctions [567]; and

August 30, 2010 interrogatory for witness [581].

V

Several of Watts's filings purport to assert defenses of some type. Many of these defenses are relevant only in a civil suit. But assuming that any of the asserted defenses are relevant in this case, it is not necessary that Watts assert them pretrial. For example, a defendant must give the government pretrial notice of its intent to present an insanity defense. *See* Rule 12.2(a). The court therefore will not strike the following filings. But assuming, without deciding, that they request pretrial relief, they are denied as meritless, frivolous, and/or irrelevant to this case:

---

[7]To the extent this filing requests relief on a basis other than a civil rule, it is denied on the merits.

June 23, 2010 affidavit of secured party [391];

June 23, 2010 affidavit of denial of accommodation party [392];

June 23, 2010 affidavit of denial of corporate existence [393];

June 25, 2010 affidavit of extinguishment of obligations [399];

June 30, 2010 pleading of novation [413];

June 30, 2010 pleading of paramount title [414];

June 30, 2010 pleading of set-off and motion for release and discharge [419];

July 6, 2010 pleading of ratification [423];;

July 6, 2010 pleading of ultra vires [424];

July 6, 2010 pleading of nonattachment of lien [425];

July 6, 2010 pleading of subrogation [427];

July 6, 2010 pleading of discharge [429];

July 7, 2010 judicial notice of sovereignty [430];

July 7, 2010 judicial notice of holder in due course status [432];

July 7, 2010 pleading of affirmative defense of immunity [433];

July 9, 2010 pleading of denial of corporate existence [440];

July 19, 2010 pleading of accord and satisfaction [466];

July 19, 2010 pleading of release [472];

July 27, 2010 pleading of estoppel [492];

July 28, 2010 judicial notice of estoppel [498];

July 29, 2010 pleading of estoppel [503];

July 29, 2010 pleading of failure of consideration [505]; and

August 4, 2010 judicial notice of acceptance for value and discharge [522].

VI

Watts's July 9, 2010 motion for leave to augment codefendant Matthew Norman Simpson's ("Simpson's") motion for evidentiary hearing [442] is denied as moot. The court construes Watts's motion as a joinder in Simpson's motion, which the court denied on July 1, 2010. *See United States v. Simpson*, No. 3:09-CR-249-D (N.D. Tex. July 1, 2010) (order) (Fitzwater, C.J.). Simpson requested an evidentiary hearing to address questions regarding putatively-varying signatures of the grand jury foreperson on the indictment and the superseding indictment. *Id.* at 1. In denying the motion, the court noted that an irregularity in the foreperson's signature does not automatically invalidate the indictment. *Id.* In fact, a foreperson's signature is a formality, and is not constitutionally required. *Id.* at 1-2. Moreover, the court noted that the court's procedures and Rule 6(f) were followed in returning the indictment and superseding indictment. *Id.* at 2. Simpson also did not allege any prejudice from the alleged variances in the signatures. *Id.* at 3. The court therefore held

that Simpson did not demonstrate that the court should hold a hearing. *Id.* Watts's motion for leave to augment Simpson's motion is therefore denied as moot. Likewise, because the following two motions are based on the same argument and present no grounds to support a different conclusion from that reached in *Simpson*, the court denies Watts's July 14, 2010 motion for reconsideration [448], which requests that the court reconsider Simpson's motion for an evidentiary hearing, and Watts's July 28, 2010 motion for reconsideration [496], which requests that the court reconsider Simpson's motion for an evidentiary hearing and Watts's June 23, 2010 motion for the grand jury master list.

VII

Watts's July 14, 2010 motion for request for an expert witness in handwriting analysis [452], July 23, 2010 request for appointment of expert witness [485], and August 30, 2010 motion for list of qualified experts [584] are denied. As the court explained in a July 23, 2010 sealed order,[8] to the extent Watts will not incur costs that exceed the limits imposed by 18 U.S.C. § 3006A(e)(2)(A), he does not need a court appointment to retain the services of an expert. Additionally, because he is *pro se*, he

---

[8]The order was filed under seal because it deals with the subject of defense experts. Because the order is sealed, the court's explanation and description of the order are correspondingly limited here so that the court does not disclose information involving codefendants that the government is not entitled to know.

must locate and retain expert witnesses himself, since he has waived the assistance of counsel to do this for him. It is not the court's responsibility to identify and retain expert witnesses for a *pro se* defendant. And to the extent the costs of one or more of his experts exceed the maximum compensation allowed by statute without court approval, he is subject to the terms of the budget approved by this court and by the designee of the Chief Judge of the Fifth Circuit and to any applicable cost-sharing provisions of that budget.

VIII

Watts's July 21, 2010 motion for evidentiary hearing [479] and memorandum in support [482] are denied to the extent they request relief. The motion requests a hearing on Watts's April 29, 2010 motion to vacate void judgment [337], which the court struck on May 5, 2010. *See Watts*, No. 3:09-CR-249-D, at 3. Watts's motion for evidentiary hearing and memorandum in support are therefore denied as moot to the extent they request relief.

IX

Watts's August 5, 2010 motion for continuance [524] is denied without prejudice as moot. After Watts filed his motion, the court on August 26, 2010 granted the motion for continuance filed by a codefendant and continued the trial of all defendants to February 7, 2011. Because Watts does not explicitly request a continuance to a date after February 7, 2011, the court denies his motion

without prejudice as moot.

X

Watts's August 20, 2010 motions to suppress [564] [566] are denied. Watts moves to suppress statements and/or confessions obtained by the government, contending that he was not read his *Miranda* rights and that he was interrogated without his attorney. Although it is not clear from Watts's motions what specific statements and/or confessions he seeks to suppress, the government states in response that it is not in possession of statements or confessions by Watts that will be used in this case. The court therefore denies Watts's motions to suppress.

XI

Watts's August 20, 2010 request for deposition [565] is denied. The court may grant a motion for a deposition when exceptional circumstances are present and in the interest of justice. *See* Rule 15(a)(1). "Such extraordinary circumstances include, for example, situations where a potential deponent would not likely be able to return to the United States." *United States v. Lucas*, 516 F.3d 316, 348 (5th Cir. 2008). "[T]he proposed deposition must be 'material.'" *Id.* (quoting *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994)). Watts has not demonstrated that exceptional circumstances are present or that the proposed deposition testimony is material to this case. The court therefore denies Watts's request for deposition.

XII

Watts filed on August 30, 2010 a writ of mandamus [583] that appears to seek relief from the United States Court of Appeals for the Fifth Circuit but was filed with the clerk of this court. The court will not take action in response to this petition.

**SO ORDERED.**

November 2, 2010

_____
SIDNEY A. FITZWATER
CHIEF JUDGE